**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**


**LISA Y. HENDERSON, REGIONAL**
**DIRECTOR OF REGION TEN OF**
**THE NATIONAL LABOR RELATIONS**
**BOARD, FOR AND ON BEHALF OF THE**
**NATIONAL LABOR RELATIONS BOARD,**

**Petitioner**

**JUDGE**
**and**                                                                    **CIVIL NO. CV**

**STARBUCKS CORPORATION,**

**Respondent**


**PETITION FOR INJUNCTION UNDER SECTION 10(j)**
**OF THE NATIONAL LABOR RELATIONS ACT**


To the Honorable Judges of the United States District Court for the Southern District of Georgia:

Comes now Lisa Y. Henderson, Regional Director of Region 10 of the National Labor Relations Board, herein called the Board, and petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)], herein called the Act, for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board, based, in part, upon a Complaint of the Office of the General Counsel of the Board, alleging that Starbucks Corporation, herein called Respondent, engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. § 158(1) and (3)]. In support thereof, Petitioner respectfully shows as follows:

1

1.       Petitioner is the Regional Director of Region 10 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board, which has authorized the filing of this petition.

2.       The Court's jurisdiction is invoked pursuant to Section 10(j) of the Act, which provides, inter alia, that the Board shall have the power, upon issuance of a complaint charging that any person has engaged in unfair labor practices, to petition any United States district court within any district wherein the unfair labor practices in question are alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary injunctive relief or restraining order pending final disposition of the matter by the Board.

3.       On August 16, 2022, Workers United, Southern Regional Joint Board, herein called the Union, filed with the Board an original charge in Board Case 10-CA-301421 alleging that Respondent is engaged in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act. A copy of the charge in Case 10-CA-301421 is filed herewith as Exhibit 1.

4.       The aforesaid charge was referred to Petitioner as Regional Director of Region 10 of the Board.

5.       Upon investigation, Petitioner determined that there is reasonable cause to believe, as alleged in the aforesaid charge, that Respondent is engaging in unfair labor practices in violation of Section 8(a)(1) and (3) of the Act and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

6.       On December 8, 2022, the Regional Director of Region 10 of the Board, upon such charges and pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued a Complaint against Respondent alleging that Respondent is engaging in unfair labor practices in violation of Section

8(a)(1) and (3) of the Act. A copy of the Complaint and Notice of Hearing is filed herewith as Exhibit 2.

7.    There is reasonable cause to believe that the allegations set forth in the Complaint in Case 10-CA-301421 are true and that Respondent engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act. More particularly, there is reasonable cause to believe that Respondent unlawfully discharged its employee, Jaysin Saxton, in retaliation for his protected concerted activities and activities on behalf of the Union. In support thereof, the Petitioner, upon information and belief, shows as follows:

(a)    At all material times Respondent has been a corporation with its principal office and place of business in Seattle, Washington, and various locations throughout the United States, including a store located at 228 Robert C. Daniel Jr. Parkway, Augusta, Georgia, herein called Respondent's Augusta Store, and has been engaged in the retail operation of stores offering coffee and quick-service food.

(b)    Annually, Respondent, in conducting its business operations described above in paragraph 7(a), derives gross revenues in excess of $500,000.

(c)    Annually, Respondent purchases and receives at its Georgia stores products, goods, and materials valued in excess of $5,000 directly from points outside the State of Georgia.

(d)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act [29 U.S.C. §§ 152(2), (6), and (7)].

(e)    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. § 152(5)].

(f)    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

> (i) Danisha Floyd        Store Manager
>
> (ii) Kristen Hartfield        District Manager

(g)    About August 16, 2022, Respondent discharged its employee, Jaysin Saxton.

(h)    Respondent engaged in the conduct described above in paragraph 7(g) because Jaysin Saxton assisted the Union and engaged in concerted activities and to discourage employees from engaging in these activities.

(i)    By the conduct described above in paragraphs 7(g) and 7(h), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) and (3) of the Act.

(j)    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

8.    Upon information and belief, it may be fairly anticipated that, unless enjoined by this Court, Respondent will continue to engage in the conduct set forth in paragraphs 7(g) and 7(h) or similar acts in violation of Section 8(a)(1) and (3) of the Act.

9.    There is imminent danger that substantial and irreparable injury will impact Respondent's employees unless the continuation of the above-mentioned unfair labor practices is immediately restrained. Further serious breaches of the Act and of the public policies involved in the Act will continue, with the result that enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order. Unless injunctive relief is immediately obtained, it may fairly

be anticipated that Respondent will continue its unlawful conduct during the proceedings before

the Board with the result that employees will continue to be deprived of their fundamental right to

engage in protected concerted activity for mutual aid or protection, a harm which cannot be

remedied in due course by the Board. It is therefore necessary, just, and proper that the effects of

Respondent's acts and conduct be dissipated by remedial action on the part of Respondent so that

its employees can freely exercise the rights guaranteed them by the Act and their rights not be

impeded, impaired or hindered.

10.     Upon information and belief, to avoid the serious consequences set forth above, it

is essential, appropriate, just, and proper, for the purposes of effectuating the policies of the Act

and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest,

and to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act,

that, pending the final disposition of the matters involved herein pending before the Board,

Respondent be enjoined and restrained from the commission of the acts and conduct alleged above,

similar acts and conduct or repetition thereof.

11.      No previous application has been made for the relief requested herein.

**WHEREFORE,** Petitioner prays for the following relief:

1.     That the Court issue an order directing that Respondent promptly file an answer to

the allegations of this Petition and to appear before this Court, at a time and place fixed by the

Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining

Respondent, its officers, agents, representatives, servants, employees, attorneys, and all persons

acting in concert or participation with it, from engaging in the acts and conduct described above,

similar or like acts, or other conduct in violation of Section 8(a)(1) and (3) of the Act, or repetitions

thereof, and that the instant Petition be disposed of on the basis of the briefs and affidavits, without

oral testimony, absent further order of the Court.

2.      That this Court issue an Order directing Respondent, its officers, agents, representatives, servants, employees, attorneys, and all persons acting in concert or participation with it, to cease and desist from the following acts and conduct, pending the final disposition of matters involved herein by the Board:

(a)      Discharging employees at any of its stores in the United States and its Territories because they engage in union and/or protected concerted activities;

(b)      In any other manner unlawfully interfering with, restraining, or coercing employees at the Augusta, Georgia store in the exercise of the rights guaranteed them under Section 7 of the Act;

3.      That the Court further order Respondent, its officers, representatives, supervisors, agents, employees, attorneys, and all persons acting on its behalf or in participation with it, to take the following affirmative action necessary to effectuate the policies of the Act pending the final disposition of the matters involved herein by the Board:

(a)      Within five (5) days of the District Court's Injunction Order, offer, in writing, interim reinstatement to employee Jaysin Saxton to his former position of employment, or if that position no longer exists, to a substantially equivalent position, displacing, if necessary, any employee who may have been hired or reassigned to replace him, without prejudice to his seniority or any other rights or privileges he previously enjoyed;

(b)      Within seven (7) days from the date of the District Court's Order, Respondent shall:

(i)  Post physical copies of the District Court's Order at Respondent's Augusta store, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as

6

determined by the Board's Regional Director of Region 10, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees at Respondent's Augusta store; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its worksite to monitor compliance with this posting requirement;

(ii)   Distribute electronic copies of the District Court's Order, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 10 said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all employees employed by Respondent in the United States and its Territories via the Partner Hub, and all other intranet or internet sites or apps that Respondent uses to communicate with employees;

(iii)   Convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at Respondent's Augusta store, during which the District Court's Order will be read by a responsible Respondent agent to all employees, supervisors,

managers, and agents, or at Respondent's option, by an agent of the Board in English. Respondent shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise; and

(iv) Distribute electronic video copies of a high-level Respondent official (in the presence of a Board agent) or a Board agent (in the presence of a high-level Respondent official) reading the District Court's Order, on its Partner Hub and all other intranet or internet sites or apps that Respondent uses to communicate with employees, such that the video can be accessed by employees at all of its stores in the United States and its Territories.

(c)    Within twenty (20) days of the issuance of the District Court's Decision and Order, file with the District Court, with a copy sent to the Regional Director of the Board for

Region 10, a sworn affidavit from a responsible Respondent official setting forth with specificity

the manner in which Respondent has complied with the terms of the Court's decree, including how

and where the documents have been posted, and the date(s), time(s), and location(s) that the order

was read to employees and by whom, as required by the Court's order.

      4.      That the Court grant such further and other relief as may be deemed just and proper.


Dated at Atlanta, Georgia, this 26th of April 2023.

Respectfully submitted,

JILL E. STEINBERG
      United States Attorney

*s/Shannon H. Statkus*
Assistant United States Attorney
South Carolina Bar No. 70410
P.O. Box 2017
Augusta, GA 30903
(706) 724-0517
Shannon.statkus@usdoj.gov


LISA Y. HENDERSON, Regional Director
      National Labor Relations Board,
      Region 10

*s/ Sally R. Cline*
Sally R. Cline
Georgia Bar No. 170528
National Labor Relations Board
Region 10
410 W. Peachtree Street, NW
Suite 472
Atlanta, Georgia 30308
(470) 343-7475
sally.cline@nlrb.gov

STATE OF GEORGIA
COUNTY OF FULTON

I, Lisa Y. Henderson, being first duly sworn, depose and say that I am Regional Director of Region

10 of the National Labor Relations Board; that I have read the foregoing Petition for Preliminary

Injunction under Section 10(j) of the National Labor Relations Act, as amended, and know the

contents thereof; that the statements therein made as upon personal knowledge are true and those

made upon information and belief, I believe to be true.

$\quad$ *s/ Lisa Y. Henderson*
$\quad$ Lisa Y. Henderson., Petitioner